Good morning, may it please the court. My name is Keith Hiraoka and I represent the appellant Western World Insurance Company. This is an insurance coverage case and under Hawaii law, as in most jurisdictions, an insurer has a duty to defend if there's a possibility that it may have to indemnify under the insurance policy. We're not we're not trying the indemnity part of this right now, we're dealing with it, we're dealing whether you have a duty to defend. Yes. Okay. Yes. In this case, the duty to defend is related to the duty to indemnify because if there's no potential for indemnity, there's no duty to defend. In this case, Western World agreed to indemnify the county for liability because of a professional incident. So the issue presented by this case is whether either of the state court lawsuits could possibly have resulted in a finding of liability by the county for a professional incident. And the answer is no, because in Hawaii, in order for the county to be held liable for a professional incident, the claim needs to have gone before the medical claims conciliation panel. And that's because the scope of the definition of professional incident in the insurance policy is equivalent to the definition of a medical tort in the Hawaii medical claims conciliation panel statute. So you're not arguing that there was no possibility to prove a medical tort here. You're arguing something that sounds more technical about a procedure that was or was not followed. Is that true? That's true, Your Honor. It's a jurisdictional procedure, though. Does the policy say that? What's the language of the policy that says that? The language of the policy doesn't say that. But the result of interpreting the language of the policy is in light of the Hawaii statute. Don't we construe the policy against the insurer when there's an absence of a function of an insurer? No, we only construe the policy against the insurer if there's an ambiguity. Well, here's my issue with the case. The person, the decedent was hit by a car. And if that's all that happened, there'd be no coverage. That would be clear. But potentially, there could have been proof that the person would have been fined, but for the professional negligence of the county employee who stopped and dealt with the person. So in theory, with that possibility existing, I don't understand why that wouldn't be potentially covered by the, even though it's an unlikely scenario, it seems potentially covered by the policy. Your Honor, the answer is that would be the case if we weren't dealing with a statute affecting subject matter jurisdiction. The complaint in this case, both of the state court complaints in this case, did not allege the jurisdictional allegation that a claim against the county for paramedic negligence was submitted to the MCCP. And that's a jurisdictional requirement under the statute and the Hawaii case law that I've cited in my brief. So it's just like, it's just as a complaint filed in federal district court has to allege either diversity of citizenship and amounting controversy or federal question jurisdiction. If the plaintiffs in the state court case wanted or intended to pursue a claim for paramedic malpractice, they had to have alleged the MCCP. Let me use your analogy to the amounting controversy for federal jurisdiction. If there were an insurance policy that covered a particular kind of incident and the plaintiff filed suit in federal court and didn't allege the amounting controversy being large enough, but the incident would be clearly covered by the insurance policy, could you refuse to defend on that basis? No. Well, why isn't that analogous to this then? I mean, you're the one who raised that as an analogy, but I just don't follow. Yes, Your Honor. It's because, Judge Weber, it's because in the case where there's no amounting controversy alleged, but the federal complaint alleges something that is clearly covered by the insurance policy. So let's take, okay, let's take this complaint. Can we deal with the allegation that is made on looking at the same complaint as the example? There are two complaints I guess. Yeah, the same, Marlene Singh. Paragraph 18 says, the examination of Dale Tim Singh's body revealed evidence that someone, apparently with training as a paramedic or emergency responder, had attempted unsuccessfully to revive him soon after the accident. And then later on, that allegation is incorporated in the claims. And let's say, I'm now looking at, just take part of the complaint, negligent inflection of emotional distress. Defendants owed a duty to refrain from conduct that might foreseeably result in severe and unreasonable emotional distress by engaging in the conduct described above, which incorporates paragraph 18. Defendants breached this duty. Now, Grant, that's not specific, but it talks about what you have focused on, which is apparently a defense that, well, if they were alleging a claim against the paramedics, then they had to go through this NCCP process. Is that something they had to affirmatively plead, or that's somebody, something that the defendant of the county would have had to raise by way of an affirmative defense? Your Honor, it's not an affirmative defense. It's a jurisdictional requirement. So it has to be pled, the Hawaii law is clear, it had to be pled affirmatively. Exhaustion, in effect, had to be pled affirmatively by the plaintiff. Your Honor, I can't say that I can give you a rule or a case that says it has to be. Well, my question, the problem is, is that if, if what you're saying is that there's no possibility, but you're alleging something that's, you're telling us something that's not in the pleadings. In other words, so as the case sits, in order to get it thrown out of court, there has to be some kind of action taken by the defense to get it thrown out of court. Isn't that correct? No, Your Honor, because if, in this case, there are claims against the county, in the underlying cases, there are claims against the county that aren't for paralegal malpractice. No, I understand that, but to get any claim against the county for anything other than an auto accident out of the court, they would have to bring, there would have to be some action to nail down in the lawsuit that the county's liability would be only arising out of the auto accident, not arising out of treatment by paramedics. Would they not have to establish that to avoid being, going to trial on whether or not paramedics did, in fact, show up and negligently treat? Not in the underlying cases, Your Honor. Why not? Because of the jurisdiction, because of the subject matter jurisdiction requirement in court. I understand, but who is going to tell them that they can't? Your Honor, the court, the court can raise subject matter jurisdiction to respond. That's interesting, the rule in the federal courts is we can raise subject matter jurisdiction, even on appeal, when the parties in the court below failed to do so. Yes. All right, and that's generally because somebody has brought the case to us and litigated on a defense theory all the way up to us. So, as Judge Beeser pointed out, this is not indemnity, this is duty to defend, to provide the county with counsel to raise the defenses, including subject matter jurisdiction, that would get the case insofar as that aspect of their potential liability thrown out from the get-go. What if the Superior Court judge is newly appointed and doesn't understand and nobody points out to him or her that the court doesn't have jurisdiction, subject matter jurisdiction over that part of the claim? Your Honor, before I answer your question, I apologize, I forgot to reserve my time. I wanted to save time for rebuttal. But in answer to your question, in this particular case, this case falls into the small percentage of cases where the complaint doesn't allege clearly a covered claim or not. And the reason for that is the claim against the county is vicarious liability for the negligent operation of the truck by Mr. Mossman, who is a county employee. In order to establish vicarious liability of the county, the plaintiffs had to prove, have to prove, it was Mr. Mossman and not Mrs. Mossman that was driving the truck that struck Dale Tim Singh. In order to do that, they alleged that somebody with training as a paramedic, which Mr. Mossman had because he's a firefighter, tried to help Mr. Tim Singh after the accident, but obviously was unsuccessful. And so the reason that paragraph 18 is in the Tim Singh complaint is to support the allegation that it was Mr. Mossman, not Mrs. Mossman, that was driving the truck that killed Mr. Tim Singh. And that is why that allegation is in there, not because the plaintiffs were intending to pursue a medical malpractice, I'm sorry, a paramedic malpractice claim. Obviously, if they did, they would have had to allege the MCCP jurisdiction requirement. What's the approximate cause of the injury? Mr. Tim Singh was struck by a vehicle. And killed. So the approximate cause of death is the striking, not the care. That is what the both underlying complaints allege. Then doesn't it state a claim on which relief can be granted? For... For the death? Yes, but not because of a professional incident. It states a claim against the county for vicarious liability for... if Mr. Mossman was the driver of the truck and was intoxicated and was on his way home from a county-sponsored function. Isn't that a matter of a counterclaim? A... If you're insuring the death or insuring the injury? A counterclaim by... You may want to claim over against somebody who caused the injury, but what you're insuring is the death. In a motor vehicle, right? No, Your Honor, there's a motor vehicle exclusion in the county's policy, which is the second part of my brief that I wasn't planning to argue, but we don't cover the county for motor vehicle liability. How do we know that the reason for paragraph 18 being in there is what you described as opposed to that if it wasn't Mr. Mossman, it was some other paramedic person who came along or whatever, that it was to sweep in the potential that there was somebody from the county who contributed to the death, contributed to the emotional distress, and so on and so forth, beyond the driver, Mr. Mossman, whoever the driver was in Mr. Mossman. How do we know it's limited if that's its only purpose in there? There are two reasons that we can draw that conclusion, Your Honor. The first reason is because of the issue of whether it was Mr. Mossman or Mrs. Mossman driving the truck. That's one reason why paragraph 18 is directed to the identity of the driver rather than a paramedic malpractice claim. And the other reason is what I started out with today, Your Honor, is because if it were made in support of a paralegal malpractice claim, there would have had to have been a jurisdictional allegation that the MCCP requirement was satisfied. Thank you, Counsel. We've exceeded your time by quite a bit, but we've taken some of it with questions. Thank you, Your Honor. Thank you. Good morning, Your Honors. May it please the Court, William Burhanty on behalf of the Appellate County of Hawaii. Western World Insurance Company has not met their burden. Under Hawaii law, the Hawaii Supreme Court has consistently held that in order for the insured to prevail under the duty to defend, they must show that there is more than just a mere impossibility of coverage. The word, the key word is impossibility. And try as court be Western World. Counsel, I think we know what the standard is. In applying it here, though, when one just reads the underlying complaints, for the most part, except for the paragraph that Judge Fischer has mentioned, it appears to be a complaint based on the fact that someone was struck by an automobile and killed. And if paragraph 18 weren't in there, if it was just this person was struck by an automobile and killed, would you agree that the automobile exclusion of the policy would apply? If that were the hypothetical or the scenario that was presented, then that could be a possible result. But here, the claim goes much further than that, the underlying claim. The underlying claim isn't just that Mr. Tim Singh was hit by the automobile. It says that perhaps Mr. Mossman was driving. Perhaps Mr. Mossman fled the scene. Perhaps Mr. Mossman attempted to treat Mr. Tim Singh. Well, that's the only part that seems to me the attempt to treat that could possibly result in coverage. Because hit and run, as reprehensible as it is, is not covered by this policy. Well, I think the policy goes even further than that. If we look at county submittal under COH-0044, the policy describes or defines a professional incident as the furnishing of negligent act or omission. But if you look at the last section, it also includes... What page of the policy are you looking at now? Page 2 of 2 of the policy. It's on the record 0044. Got it. Thank you. It's Section 5, F, Section 5 definitions. If you look at that last section under professional incidents definition 8, it says, and the post-mortem handling of human bodies. Here, the complaint is specific that attempts were made to revive Mr. Tim Singh. One of the witnesses alleged that they found needle marks at the scene, similar to the type of needles used by paramedics. There was also, in Mrs. Tim Singh's response to interrogatories, she indicated that she saw needle marks, perhaps allegedly needle marks, on the back of Mr. Tim Singh's neck, as well as his buttocks area. She also said at the night of the incident, there was an ambulance in the area. The back dome light of the ambulance was on.  Here, the allegations as well purport to the reviving, the improper reviving of the body of Mr. Tim Singh. In order to revive, he must have been dead. The post-mortem handling of a body. Well, I think revive usually refers to someone who is unconscious, not dead. It could be unconscious, or it could be bringing back to life. Again, all we have to show is the mere possibility. The spectrum is wide, it's open. But it all hinges on this allegation of paragraph 18, right? Not necessarily. I think it goes even further. We have to take the totality of the claim, as well as all the evidence supported, and to date brought by the claimants. And that's interesting. Let me just, what is your response to the argument of opposing counsel that this could not have been a claim for medical negligence because of the absence of a jurisdictional procedural prerequisite? My understanding of Hawaii law is that if a particular element is left out of the insurance policy, then the policy is deemed to have to have incorporated that language. It's deemed against the drafter. This is a policy that was created by Western World. The sole intent of the county of Hawaii entering into this insurance policy was to provide for coverage of their personnel. I'm not sure I understand your answer. I think that what there's, or maybe I didn't make my question clear. I think that his argument in part is, we can tell this isn't even an allegation for medical negligence because it doesn't contain the necessary elements that such a claim would have in it. And so can you discuss that? I'm not sure exactly what area. I know it is our belief that this is not just a medical negligence malpractice type claim. It's our understanding that this is a gross negligence claim against the county of Hawaii. Well, is there a difference between pleading and proof that we should consider at this point in time? I think the proof is going to be in the underlying court action. We have to make a determination on the duty. I mean, can you get over the hurdle at this stage when you're trying to attack, when the attack is basically against the contract versus the pleading? I think there's ambiguity in the contract and there's ambiguity in the pleading as well. I think, you know, based on that, the language is, I keep falling back to the mere possibility. I'm not sure whether or not liability is going to be attached to the county and the underlying action. But I know there's more than a mere possibility. As well as I know that there's more than a mere possibility that the county is going to be held liable. But it has to be held, I mean, there has to be a possibility that it's held liable because of professional incident and not because of just a car accident. That's correct. And the professional incident is any negligent act or omission as well as, again, like I referred to earlier, the possibility of postmortem handling of a human body. And here it's clear that that is what this underlying action stems from, is the possibility that whether, you know, the allegation that the county has was negligent, whether it was the off-duty firefighter who allegedly performed the act or whether it was the allegation that, or the mere allegation that some off-duty or on-duty firefighters came down under the cloak of darkness and attempted to resuscitate or revive Mr. Tim Singh. That's what's clear. I'm not sure. You know, I can't tell you how exactly the underlying action is going to move forward or how it will result. But what I do know is that the claims for negligence against the county are clear. And that is the sole intent and the primary purpose that the county entered into this agreement with Western World. Did you get into any discovery at the district court level after the complaint was filed, or were you just doing this facially against the complainant? There was some interrogatories in which the county relied upon the response of these interrogatories, and that was the information relating to the paramedic medical needles at the scene, the lights in the ambulance attempting to work on somebody. That's where that information came from, was the interrogatories of the plaintiff in one of the underlying civil actions. So, again, based on that, general negligence, no language in the policy. The coverage is for a professional incident. The professional incident doesn't have to be specific to medical malpractice. It can be wider than that. That's what the underlying civil action has stated. And that's the basis for their, a part of the basis for their complaint, is that this is greater than just medical malpractice. There's the possible or the alleged impropriety with handling of the body, moving the body, the acts of the off-duty firefighters, as well as the acts of the on-duty alleged paramedics. This matter, the intent of the policy is clearly considered, was clearly considered, and this is specifically the type of situation that the county was looking for when they entered into this type of coverage with Western World. If Western World wanted to limit the coverage, as the drafter, as the owner of the document, they could very well have easily added that language. As a matter of fact, they could have removed the postmortem language as well. They chose not to. Thank you, counsel. We appreciate very much the arguments of both counsel, and the case just argued is submitted. Thank you very much.
judges: Beezer, Graber, Fisher